Jacob Steven BROWN, Appellant,

v.

STATE of Minnesota, Respondent.

No. C1–91–858.

Supreme Court of Minnesota.

April 10, 1992.

Jacob Steven Brown, pro se.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Michael O. Freeman, Hennepin County Atty., J. Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

WAHL, Justice.

Jacob Steven Brown appeals from an order denying his pro se post-conviction petition in which he sought, for a second time, to withdraw his pleas of guilty to the first degree murder of Carmen Larson and the attempted first degree murder of Michelle Raisch. We affirm the order of the district court.

On December 17, 1987, defendant went to the home of Carmen Larson, his estranged girl friend, to pick up some of his belongings. Defendant and Larson discussed their relationship for a time but when Larson asked defendant to leave, he beat Larson and her friend, Michelle Raisch, with a baseball bat. He also stabbed Larson 10 times and Raisch 21 times with two different kitchen knives. Larson died that day. Raisch survived and identified defendant as her assailant.

Defendant was indicted for first degree murder and second degree murder in connection with Larson's death, and attempted first degree murder/attempted second degree murder and first degree assault for the attack on Raisch.

Defendant waived a jury trial. On the day set for trial to the court, however, he pled guilty to first degree murder and attempted first degree murder. He was questioned on the record by his appointed public defender and by the trial court. The trial court then accepted the pleas and sentenced defendant to life imprisonment on the murder charge and to 130 months on the attempted murder charge. The sentences were ordered to run consecutively.

A year later, on August 9, 1989, defendant petitioned the district court, through counsel, for an order making the sentences run concurrently pursuant to an unrecorded "side agreement" between his lawyer and the court that this modification would be granted if defendant received good behavior reports during the first six months in prison. At the hearing on this petition, defendant indicated orally that he was considering withdrawing his guilty pleas. He asked the judge to review the transcript of the change of plea hearing to see if there was an adequate factual basis for the

guilty pleas. The court ordered the sentences to run concurrently, but without holding an evidentiary hearing, denied defendant's oral request to withdraw his guilty pleas.

This court treated defendant's appeal from the denial of his request to withdraw his guilty pleas as a direct appeal from the judgment of conviction and held that the record was adequate to support the guilty pleas. *Brown v. State,* 449 N.W.2d 180 (Minn.1989) *(Brown I).* We indicated, however, that if defendant again petitioned the district court and pleaded *"factual* allegations indicating a need for an evidentiary hearing," *id.* at 183 (emphasis in original), he should be given such a hearing.

Defendant filed this petition pro se on November 1, 1990, requesting withdrawal of his guilty pleas on the grounds that (1) he had lacked the mental capacity to enter a valid guilty plea; and (2) he was innocent because he had an alibi defense that the state knew about when he pled guilty.

The trial court held an evidentiary hearing at which defendant presented the testimony of his mother and his own argument. The court denied defendant's petition, ruling that his mother's testimony did not support his alibi defense and that he had raised no new factual allegations other than vague, conclusory ones. Carefully reviewing the evidence before the trial court, we find no merit in defendant's claims and no error. The trial court properly denied the petition for post-conviction relief where defendant failed to prove by a preponderance of the evidence that he lacked the mental capacity to enter a valid guilty plea or had new evidence to prove his innocence. *See State v. Bliss,* 457 N.W.2d 385, 391–92 (Minn.1990).

In *Brown I* this court found the record adequate to support defendant's guilty pleas. He brought forward no new evidence at the evidentiary hearing to show that withdrawal of the pleas is necessary to correct a manifest injustice. *See State v. Wolske,* 280 Minn. 465, 471–73, 160 N.W.2d 146, 151–52 (1968). No manifest injustice has been done. Defendant was represented by counsel at the time of his plea and

sentencing. There is no evidence of mental incompetence nor is there any doubt, as Raisch's testimony would have shown, that defendant was present at the scene of the crime and was, in fact, the assailant.

The order of the district court denying defendant's renewed petition for post conviction relief is affirmed.