**Jacob Stephen BROWN, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A07–1754.

Supreme Court of Minnesota.

Jan. 31, 2008.

Jacob Stephen Brown, Bayport, for Appellant (*pro se*).

Lori Swanson, Attorney General, St. Paul, Michael O. Freeman, Hennepin County Attorney, Michael Walz, Assistant Hennepin County Attorney, Minneapolis, for Respondent.

## OPINION

MEYER, Justice.

Appellant Jacob Stephen Brown, currently serving a life sentence for first-degree murder, appeals from the summary denial of his petition for postconviction relief. We affirm.

In 1988, Brown pleaded guilty to the first-degree murder of Carmen Larson and the attempted first-degree murder of Michelle Raisch. *Brown v. State (Brown I )*, 449 N.W.2d 180, 181 (Minn.1989).[1] Following entry and acceptance of his guilty plea, Brown moved to withdraw that plea and proceed to trial. *Id.* at 182. Analyzing Brown's motion both as a direct appeal and as a petition for postconviction relief, we declined to permit withdrawal of

his plea. *Id.* at 182–83. In doing so, we observed that Brown was represented by counsel, that he had an adequate opportunity to consult with said counsel, that he pleaded voluntarily, that he was aware of the charges against him, that he was aware of the rights he was waiving, and that he understood the consequences of his plea. *Id.* at 182.

Brown subsequently filed a postconviction petition alleging that he lacked the requisite mental capacity to enter a guilty plea; that petition was denied by the district court after an evidentiary hearing. *Brown v. State (Brown II )*, 481 N.W.2d 852, 853 (Minn.1992). On appeal, we denied relief, again observing that Brown was represented by counsel when he pleaded guilty and that no evidence indicated that he was mentally incompetent at the time of his plea. *Id.*

█ Brown now brings another postconviction petition to withdraw his 1988 guilty plea, claiming that two recent psychiatric assessments diagnosing him with paranoid schizophrenia indicate his incompetency to enter a plea. The district court summarily denied Brown's petition because (1) Brown's previous argument that his plea was involuntary had been rejected by this court; and (2) a 2006 psychiatric evaluation tells little of Brown's mental state twenty years prior. This appeal followed.

█ Under Minn.Stat. § 590.01, subd. 1 (2006), an incarcerated individual may petition for postconviction relief if he alleges that his imprisonment violates his rights under state or federal law. An evidentiary hearing must be held on that petition unless "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2006). On

1. The details of these crimes are set forth in this court's opinion on direct appeal.

review of a denial of postconviction relief, we inquire as to whether sufficient evidence supported the postconviction court's findings, and will reverse only for an abuse of discretion. *Russell v. State,* 562 N.W.2d 670, 672 (Minn.1997).

All claims raised on direct appeal from a conviction, as well as all claims known but not raised, are barred in a subsequent petition for postconviction relief. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Claims of which a petitioner should have known at the time of appeal are also barred. *See Black v. State,* 560 N.W.2d 83, 85 (Minn. 1997). *Knaffla* similarly bars postconviction review of claims that could have been raised in a previous postconviction petition. *Wayne v. State,* 601 N.W.2d 440, 441 (Minn.1999). Although there are two exceptions to *Knaffla, see Perry v. State,* 731 N.W.2d 143, 146 (Minn.2007), we decline to apply those exceptions if they are not raised by the petitioner. *See Erickson v. State,* 725 N.W.2d 532, 535 (Minn.2007).

The incompetency claims in Brown's present petition are barred under *Knaffla* because Brown knew or should have known of the basis for those claims by the time of his previous petition. Further, the exceptions to *Knaffla* will not be considered because Brown does not raise them.[2]

Affirmed.

2. Even if Brown's claims were not barred under *Knaffla,* postconviction relief would remain inappropriate. Notably, Brown provides evidence only that he *currently* suffers from a psychological disorder, but neither psychiatric assessment indicates that he suffered from schizophrenia at the time he entered his plea.