*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0458**

Antoine Goodman, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 30, 2015
Affirmed
Johnson, Judge**

Dakota County District Court
File No. 19HA-CR-11-1560

Cathryn Middlebrook, Chief Appellate Public Defender, Katie Conners, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Heather D. Pipenhagen, Assistant County Attorney, Hastings, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

In 2011, Antoine Goodman pleaded guilty to a first-degree controlled substance crime. In 2014, he filed a petition for postconviction relief in which he challenged the

reliability of the laboratory tests of the substances he admitted to possessing. The district court denied the petition, without an evidentiary hearing, on the grounds that Goodman's petition is untimely and that he cannot establish any exception to the statute of limitations. We affirm.

## FACTS

On May 16, 2011, Burnsville police officers stopped a vehicle in which Goodman was sitting in the back seat, next to a small child. One of the officers found two baggies where Goodman had been seated and a pistol on the floor nearby. A field test revealed that one of the baggies contained crack cocaine.

The state charged Goodman with three offenses: (1) first-degree controlled substance crime, *see* Minn. Stat. § 152.021, subd. 2(1) (2010); (2) ineligible person in possession of a firearm, *see* Minn. Stat. § 624.713, subd. 1(2) (2010); and (3) child endangerment, *see* Minn. Stat. § 609.378, subd. 1(c) (2010). In July 2011, Goodman pleaded guilty to counts 1 and 2. Based on an agreement between the parties, the district court dismissed count 3. In November 2011, the district court imposed concurrent sentences of 94 months of imprisonment on count 1 and 60 months of imprisonment on count 2. Goodman did not pursue a direct appeal.

In July 2014, Goodman filed a petition for postconviction relief in which he moved to withdraw his guilty plea with respect to count 1. His petition is based on revelations that the Saint Paul Police Department Crime Lab ("SPPDCL"), the laboratory where the substances seized from the vehicle were tested, had inadequate training and testing protocols. *See generally Roberts v. State*, 856 N.W.2d 287, 289 (Minn. App.

2

2014), *review denied* (Minn. Jan. 28, 2015). Goodman acknowledged in his petition that he did not comply with the general two-year statute of limitations, but he sought to invoke two exceptions to the two-year statute of limitations.

In January 2015, the postconviction court denied Goodman's petition without an evidentiary hearing. The postconviction court reasoned that Goodman cannot satisfy either of the two exceptions to the two-year statute of limitations that he invoked in his petition. Goodman appeals.

## D E C I S I O N

Goodman argues that the postconviction court erred by denying his petition for postconviction relief. Specifically, he contends that the postconviction court erred in its analysis of the newly-discovered-evidence and interests-of-justice exceptions to the statute of limitations.

A person seeking postconviction relief must file a postconviction petition within a two-year limitations period. Minn. Stat. § 590.01, subd. 4(a) (2012). The limitations period begins upon the latter of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." *Id.*, subd. 4(a)(1)-(2). If the two-year limitations period has expired, the postconviction court nonetheless may consider the petition if any of five exceptions applies. *Id.*, subd. 4(b). But any petition relying on an exception to the two-year statute of limitations is subject to another limitations period, which provides that the petition "must be filed within two years of the date the claim arises." *Id.*, subd. 4(c); *see also Sanchez v. State*, 816 N.W.2d 550, 556 (Minn. 2012).

3

Accordingly, "[a] postconviction petitioner is not entitled to relief or an evidentiary hearing on an untimely petition unless he can demonstrate that 'he satisfies one of the [statutory] exceptions . . . and that application of the exception is not time-barred.'" *Roberts*, 856 N.W.2d at 290 (quoting *Riley v. State*, 819 N.W.2d 162, 168 (Minn. 2012)). "If the petitioner does not demonstrate that an exception applies and that application of the exception is timely, the postconviction court may summarily deny the petition as untimely." *Id.* This court applies an abuse-of-discretion standard of review to a postconviction court's summary denial of a postconviction petition. *Id.*

In this case, Goodman invoked two exceptions to the general two-year statute of limitations. He alleged that his petition should be considered, even though it was not filed within two years, because of the statutory exceptions for newly discovered evidence and the interests of justice. The postconviction court concluded that neither exception applies.[1] We will separately consider each of the exceptions on which Goodman relies.

A.    **Newly-Discovered-Evidence Exception**

Under the newly-discovered-evidence exception, a postconviction petition that is filed after the two-year statute of limitations may be considered if five requirements are satisfied: (1) "the petitioner alleges the existence of newly discovered evidence," (2) the

---

[1]The postconviction court rejected Goodman's arguments concerning the two exceptions by analyzing whether the requirements of each exception were satisfied. The postconviction court did not consider whether Goodman filed his postconviction petition "within two years of the date the claim [arose]." *See* Minn. Stat. § 590.01, subd. 4(c). On appeal, the state does not contend that the exceptions do not apply because they are barred by the secondary two-year limitations period in subdivision 4(c). Thus, we assume without deciding that Goodman filed his postconviction petition "within two years of the date the claim [arose]." *See id.*

4

evidence "could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition," (3) "the evidence is not cumulative to evidence presented at trial," (4) the evidence "is not for impeachment purposes," and (5) the evidence "establishes by a clear and convincing standard that the petitioner is innocent of the offense or offenses for which the petitioner was convicted." Minn. Stat. § 590.01, subd. 4(b)(2); *see also Riley*, 819 N.W.2d at 168; *Roberts*, 856 N.W.2d at 290.[2]

The postconviction court reasoned that this exception does not apply because Goodman cannot satisfy the second and fifth requirements. The second requirement asks whether the evidence "could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition." Minn. Stat. § 590.01, subd. 4(b)(2). The postconviction court noted that Goodman "could have challenged [the SPPDCL test results] but chose not to for whatever reason." Goodman contends that the problems at the SPPDCL could not have been ascertained through due diligence because no one knew that there were problems at the SPPDCL until 2012. Goodman's contention is foreclosed by this court's

---

[2]The postconviction court rejected Goodman's arguments concerning the newly-discovered-evidence exception by analyzing whether the requirements of the exception were satisfied. The postconviction court did not question whether the newly-discovered-evidence exception is limited to cases in which an offender was convicted after a contested trial. The state did not raise that issue in the district court and does not raise the issue on appeal. Thus, we assume without deciding that the newly-discovered-evidence exception may apply to cases in which an offender was convicted after a guilty plea. *See Roberts*, 856 N.W.2d at 291 n.2 ("assum[ing] without deciding that the newly-discovered-evidence exception is applicable to a request for postconviction relief in the form of plea withdrawal, even though the plain language of the statutory exception suggests that it only applies to convictions resulting from a trial").

opinion in *Roberts*, in which we concluded that the appellant could have challenged the reliability of the SPPDCL's test results before 2012 because he had access to the test results under the rules of criminal procedure, which permit discovery. 856 N.W.2d at 291. We reasoned that, merely because the appellant did not actually discover the problems at the SPPDCL does not mean the appellant could not have discovered them with due diligence. *Id.* That reasoning necessarily applies to this case. Furthermore, Goodman could have filed a postconviction petition after problems at the SPPCL were revealed in 2012 and before the two-year limitations period lapsed in November 2013. Goodman and his counsel had an opportunity to discover facts relevant to the SPPDCL test results within two years of the date on which his conviction became final. Goodman does not contend that his trial attorney tried to do so but was prevented from doing so.

Goodman attempts to distinguish *Roberts* by pointing to the evidence in this case. Specifically, he relies on an affidavit executed by the criminal-defense attorney who first discovered and exposed the problems at the SPPDCL. The attorney states that she was able to ascertain evidence of problems at the SPPCDL because of her specialized scientific training and that an attorney without such training (such as Goodman's trial attorney) could not be expected to identify the problems. The attorney's affidavit is not helpful if an objective standard applies. The second requirement of the newly-discovered-evidence exception asks whether the new evidence "could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney." Minn. Stat. § 590.01, subd. 4(b)(2). The language of this provision suggests that the legislature intended to impose an objective standard. *Cf. Sanchez*, 816 N.W.2d at 558-60

6

(concluding that objective standard applies to determination when claim arose for purposes of section 590.01, subdivision 4(c)); *State v. Hokanson*, 821 N.W.2d 340, 358 (Minn. 2012) (concluding that objective standard applies to determination whether attorney provided effective assistance). Furthermore, to apply a subjective standard would require courts to consider numerous factors about the capabilities of a particular attorney, which would be particularly cumbersome and time-consuming. Accordingly, we ask only whether an attorney exercising due diligence could have discovered the problem. We already have answered that question in the affirmative because one attorney did so through a process authorized by the rules of criminal procedure. *See Roberts*, 856 N.W.2d at 291. Accordingly, we follow both the reasoning and the result in *Roberts*. Moreover, Goodman easily could have challenged the test results between 2012 and November 2013. Thus, the district court properly determined that Goodman cannot satisfy the second requirement of the newly-discovered-evidence exception.

The fifth requirement asks whether, "by a clear and convincing standard . . . the petitioner is innocent of the offense or offenses for which the petitioner was convicted." Minn. Stat. § 590.01, subd. 4(b)(2). Goodman contends that evidence of the problems at the SPPDCL likely would lead to a more favorable result. But Goodman admitted at his plea hearing that one of the baggies contained powdered cocaine. A field test identified the substance in the other baggie as crack cocaine, and Goodman has nothing more than speculation that the substance was not actually crack cocaine. His speculation is insufficient to satisfy the clear-and-convincing standard. In *Roberts*, we stated that "'[a]ctual innocence is more than uncertainty about guilt'" and that "'establishing actual

7

innocence requires evidence that renders it more likely than not that no reasonable jury would convict.'" 856 N.W.2d at 292 (quoting *Riley*, 819 N.W.2d at 170). Given Goodman's admission to possessing powdered cocaine, the field-test result, and the absence of any evidence that the substances tested were not actually controlled substances, Goodman cannot prove by clear and convincing evidence that he is actually innocent of the offense to which he pleaded guilty. Thus, the district court properly determined that Goodman cannot satisfy the fifth requirement of the newly-discovered-evidence exception.

## B.    Interests-of-Justice Exception

Under the interests-of-justice exception, a postconviction petition that is filed after the two-year statute of limitations may be considered if "the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5). This exception applies only in extraordinary circumstances. *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010); *Roberts*, 856 N.W.2d at 292.

Goodman contends that this exception is satisfied in part because he has meritorious claims. He refers to the substantive claims that he alleged in his postconviction petition and continues to pursue on appeal: newly discovered evidence, a *Brady* violation, a violation of procedural due process, manifest injustice, and ineffective assistance of counsel. But the merits of Goodman's postconviction petition have no bearing on the applicability of the interests-of-justice exception to the statute of limitations. The supreme court recently clarified that the interests-of-justice exception "relate[s] to the *reason* the petition was filed after the 2-year time limit in subdivision

8

4(a), not the *substantive claims* in the petition," and that "the interests-of-justice exception is triggered by an injustice that *caused* the petitioner to miss the primary deadline in subdivision 4(a), not the *substance* of the petition." *Sanchez*, 816 N.W.2d at 557 (cited in *Wayne v. State*, 866 N.W.2d 917, 920 (Minn. 2015), and *Brown v. State*, 863 N.W.2d 781, 788 (Minn. 2015)). Accordingly, we will not review the merits of Goodman's claims for purposes of determining the applicability of the interests-of-justice exception.

Goodman also contends that the state should be held responsible for the problems at the SPPDCL and the lack of earlier disclosure of those problems. But the problems were revealed within Goodman's two-year limitations period. Furthermore, in *Roberts*, we reasoned that the petitioner "had the opportunity to investigate the validity of the test results in his case, and he declined to do so," which meant that he was "at fault for his failure to discover the problems at the crime lab before he pleaded guilty." 856 N.W.2d at 293. We also reasoned that there is "no fundamental unfairness that needs to be addressed" because "it is not fundamentally unfair to hold Roberts accountable for his choice to accept the state's scientific evidence at face value and resolve his case with a guilty plea in exchange for a reduced sentence." *Id.* We further reasoned that it was not "necessary to act in the interests of justice to protect the integrity of the judicial proceedings" because the problems at the SPPDCL did "not stem from a flaw in the judicial process." *Id.* Goodman's attempt to apply the interests-of-justice exception in this case fails for the same reasons.

9

Before concluding, we consider Goodman's alternative argument that the postconviction court erred by not providing him with an evidentiary hearing to present evidence in support of his postconviction petition. A postconviction petitioner is not entitled to an evidentiary hearing if "the petition and files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 509.04, subd. 1 (2012). An evidentiary hearing is required only if "there are material facts in dispute that must be resolved to determine the postconviction claim on its merits." *State v. Powers*, 695 N.W.2d 371, 374 (Minn. 2005). The postconviction court's analysis, and our analysis, does not depend on the resolution of disputed facts. Goodman's failure to satisfy the second requirement of the newly-discovered-evidence exception is a sufficient basis for concluding that the exception does not apply. Goodman cannot satisfy the interests-of-justice exception because of this court's precedential caselaw. Thus, an evidentiary hearing would not have been beneficial to Goodman.

In sum, the postconviction court did not err by denying Goodman's petition for postconviction relief without an evidentiary hearing.

**Affirmed.**