*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1090**

Baron Montero Jones, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 11, 2016
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CR-03-071227

Baron M. Jones, Faribault, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany D. Lawonn, Assistant County
Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Kirk,
Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

Appellant challenges the district court's denial of his second postconviction petition,
arguing that the district court abused its discretion by refusing to address claims that he
contends were not addressed in its earlier decisions. We affirm.

# FACTS

In 2003, appellant Baron Montero Jones entered the unlocked door of an on-campus college apartment and sexually penetrated a woman who was unconscious due to alcohol consumption. In 2004, Jones was convicted of third-degree criminal sexual conduct and first-degree burglary. Jones filed a direct appeal, asserting that (1) the district court erred by not suppressing evidence because his Fourth and Fifth Amendment rights were denied when a private security guard recorded his pre-arrest statement, and (2) the evidence was insufficient to support his convictions. This court affirmed. *State v. Jones*, No. A04-0841 (Minn. App. May 10, 2005), *review denied* (Minn. July 19, 2005).

In 2007, Jones filed a pro se postconviction petition, challenging his convictions on several grounds: (1) structural errors in the trial because the district court was biased or partial; (2) prosecutorial misconduct based on a failure to timely disclose the security guard's recording; and (3) ineffective assistance of counsel. In his petition, Jones outlined the procedural history of his claims and stated that he had raised the issue of violations of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520,[1] in each of the prior proceedings but that he was not raising it in the 2007 petition. This court concluded that Jones's claims were either not supported by the record or were barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), because the claims were known, but not raised, at the time of Jones's direct appeal. *Jones v. State*, No. A07-0799 (Minn. App. May 20, 2008).

---

[1] These sections of the federal code deal with the interception of wire, electronic, and oral communications.

In 2012, Jones moved to correct his sentence because he had not received credit against his conditional-release term for the period of time he spent on supervised release. The district court corrected his sentence, which expired in November 2012 after he had fully served his term of imprisonment, his supervised release, and his conditional release.

On May 12, 2015, Jones submitted a petition titled as a writ of coram nobis to correct errors in his 2004 trial, primarily the admission of the security guard's recording and structural errors based on judicial bias. Jones also alleged that no court had reviewed his claim of violations of Title III. The district court treated the submission as a postconviction petition and denied its as untimely under Minn. Stat. § 590.01, subd. 4 (2014), without an evidentiary hearing. Jones filed this appeal, arguing that he is entitled to "at least one substantive right of review" because the appellate courts had not previously considered his claims.[2]

## D E C I S I O N

Although Jones refers to the current action as a petition for a writ of coram nobis, this common law writ for the correction of factual errors at trial has been superseded by the postconviction remedy. *See Hooper v. State*, 838 N.W.2d 775, 781 (Minn. 2013) (noting that the postconviction act states "that the postconviction remedy 'takes the place of any other common law . . . remedies which may have been available for challenging the validity of a conviction, sentence, or other disposition'" (omission in original) (quoting

---

[2] Jones has filed petitions in federal district court that have also been denied.

3

Minn. Stat. § 590.01, subd. 2 (2012))); *see also State v. Kubus*, 243 Minn. 379, 381, 65 N.W.2d 217, 218 (1955) (explaining write of coram nobis).

We review the denial of a postconviction petition for an abuse of discretion. *Brown v. State*, 863 N.W.2d 781, 786 (Minn. 2015). A postconviction petitioner is entitled to a hearing unless "the files and records of the proceeding conclusively establish that the petitioner is not entitled to relief." *Id.* (citing Minn. Stat. § 590.04, subd. 1 (2014)). "[A] postconviction court may summarily deny a claim that is time barred by the postconviction statute of limitations." *Id.* Minn. Stat. § 590.01, subd. 4(a), provides that a postconviction petition must be filed within two years after the later of the entry of judgment of conviction or sentence, or an appellate court's disposition of the petitioner's direct appeal. Jones's current petition was filed almost ten years after the disposition of his direct appeal.

Certain exceptions may excuse the failure to file a timely petition. *See* Minn. Stat. § 590.01, subd. 4(b) (listing exceptions). The burden of proof is on the petitioner to establish the facts alleged in the petition by a fair preponderance of the evidence. Minn. Stat. § 590.04, subd. 3. (2014). Jones has not provided proof of facts that establish any of the exceptions to the limitations period. Before the district court, he generally alleged that he had been disabled since birth, without providing any supporting evidence, and that his petition was made in the interests of justice. The interests-of-justice exception applies only in exceptional circumstances, and Jones has not alleged any exceptional circumstances. *See Colbert v. State*, 811 N.W.2d 103, 105 n.2 (Minn. 2012). We conclude, therefore, that Jones's petition is time-barred under Minn. Stat. § 590.01, subd. 4(a).

Furthermore, all claims for relief made in a direct appeal or earlier petition for postconviction relief and all claims that were known or should have been known at the time of an earlier appeal or petition are barred. *Walen v. State*, 777 N.W.2d 213, 215 (Minn. 2010). The claims that Jones makes in his current petition were either addressed in his direct appeal and first postconviction petition, or were known or should have been known at the time of his direct appeal and prior postconviction petition. Consequently, the claims are barred and may not be raised in the current petition.

Because Jones's petition is time-barred and because the claims made in the current postconviction petition were raised or should have been raised in Jones's direct appeal or earlier postconviction petition, we affirm.

**Affirmed.**