*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1763**

David Lee Frazier, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed July 5, 2016
Affirmed
Johnson, Judge**

Ramsey County District Court
File No. 62-CR-08-11564

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Stauber, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

In 2009, the district court found David Lee Frazier guilty of possessing controlled substances. In 2014, Frazier petitioned for postconviction relief based on inadequate

procedures at the laboratory that tested the substances that he possessed. The district court denied the petition without an evidentiary hearing. We conclude that the petition is untimely and that Frazier cannot satisfy any exception to the two-year statute of limitations. Therefore, we affirm.

**FACTS**

On July 10, 2008, narcotics agents were parked in an unmarked squad car at a convenience store in St. Paul. The agents saw two persons in another vehicle and suspected that they were engaged in a drug transaction. When the agents approached the vehicle, they saw that the person in the driver's seat, who later was identified as Frazier, was holding several clear plastic baggies that appeared to contain controlled substances. The agents also saw Frazier put one of the baggies in his mouth and begin chewing it. The agents arrested both Frazier and the other person. Subsequent testing at the St. Paul Police Department Crime Lab (SPPDCL) indicated that Frazier possessed marijuana and methamphetamine.

In September 2008, the state charged Frazier with fifth-degree controlled substance crime, in violation of Minn. Stat. § 152.025, subd. 2(1) (2006). In March 2009, Frazier moved to suppress the evidence. The district court denied the motion. Thereafter, the parties agreed to a stipulated-evidence court trial. *See* Minn. R. Crim. P. 26.01, subd. 4. The district court found Frazier guilty. In June 2009, the district court sentenced Frazier to one year and one day in prison but stayed execution of the sentence and placed him on probation.

In July 2014, Frazier petitioned for postconviction relief based on revelations that the SPPDCL had inadequate training and testing protocols. *See generally Roberts v. State*, 856 N.W.2d 287, 289 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). His petition alleged four bases for relief: (1) newly-discovered evidence, (2) a *Brady* violation, (3) a due process violation, and (4) ineffective assistance of counsel. In a memorandum accompanying the petition, Frazier implicitly acknowledged that he did not comply with the general two-year statute of limitations applicable to postconviction petitions. *See* Minn. Stat. § 590.01, subd. 4(a) (2012). He argued, however, that his petition satisfies two exceptions to the statute of limitations: the newly-discovered-evidence exception and the interests-of-justice exception. *See id.*, subd. 4(b)(2), (5).

In October 2015, the postconviction court denied Frazier's petition without an evidentiary hearing. The postconviction court determined that Frazier's untimely petition does not satisfy either of the two exceptions to the statute of limitations that were invoked in his petition. The postconviction court also determined that Frazier waived all challenges to the sufficiency of the evidence by agreeing to a stipulated-evidence court trial. And the postconviction court further determined that Frazier's substantive postconviction claims are without merit. Frazier appeals.

## D E C I S I O N

Frazier argues that the postconviction court erred by denying his petition for postconviction relief. In response, the state argues that the postconviction court did not err because Frazier's untimely petition does not satisfy any exception to the statute of limitations, because he waived his challenge to the sufficiency of the evidence by agreeing

to a stipulated-evidence court trial, and because his substantive claims are without merit. We begin by considering whether Frazier's untimely petition satisfies an exception to the statute of limitations.

A person seeking postconviction relief must file a postconviction petition within a two-year limitations period. Minn. Stat. § 590.01, subd. 4(a). The limitations period begins upon the latter of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." *Id.*, subd. 4(a)(1)-(2). If the two-year limitations period has expired, the postconviction court nonetheless may consider the petition if any of five exceptions applies. *Id.*, subd. 4(b). But any petition relying on an exception to the two-year statute of limitations is subject to another limitations period, which provides that the petition "must be filed within two years of the date the claim arises." *Id.*, subd. 4(c); *see also Sanchez v. State*, 816 N.W.2d 550, 556 (Minn. 2012).

Accordingly, "[a] postconviction petitioner is not entitled to relief or an evidentiary hearing on an untimely petition unless he can demonstrate that 'he satisfies one of the [statutory] exceptions . . . and that application of the exception is not time-barred.'" *Roberts*, 856 N.W.2d at 290 (quoting *Riley v. State*, 819 N.W.2d 162, 168 (Minn. 2012)). "If the petitioner does not demonstrate that an exception applies and that application of the exception is timely, the postconviction court may summarily deny the petition as untimely." *Id.* This court applies an abuse-of-discretion standard of review to a postconviction court's summary denial of a postconviction petition. *Id.*

In this case, Frazier invoked two exceptions to the general two-year statute of limitations. He argued to the postconviction court that his petition should be considered, even though it was not filed within two years, because of the statutory exceptions for newly discovered evidence and the interests of justice. The postconviction court concluded that neither exception applies.[1]

## A.     Newly-Discovered-Evidence Exception

Under the newly-discovered-evidence exception, a postconviction petition that is filed after the two-year statute of limitations may be considered if five requirements are satisfied:

> (1) "the petitioner alleges the existence of newly discovered evidence," (2) the evidence "could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition," (3) "the evidence is not cumulative to evidence presented at trial," (4) the evidence "is not for impeachment purposes," and (5) the evidence "establishes by a clear and convincing standard that the petitioner is innocent of the offense or offenses for which the petitioner was convicted."

*Roberts*, 856 N.W.2d at 290 (quoting Minn. Stat. § 590.01, subd. 4(b)(2)); *see also Riley*, 819 N.W.2d at 168.

---

[1]The postconviction court rejected Frazier's arguments concerning the two exceptions by analyzing whether the requirements of each exception were satisfied. The postconviction court did not consider whether Frazier filed his postconviction petition "within two years of the date the claim [arose]." *See* Minn. Stat. § 590.01, subd. 4(c). On appeal, the state does not contend that the exceptions do not apply because they are barred by the secondary two-year limitations period in subdivision 4(c). Thus, we assume without deciding that Frazier filed his postconviction petition "within two years of the date the claim [arose]." *See id.*

In this case, the postconviction court determined that this exception does not apply because Frazier cannot satisfy the second and fifth requirements. The second requirement asks whether the evidence "could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition." Minn. Stat. § 590.01, subd. 4(b)(2). The postconviction court found that Frazier "knew that the charge against him was based on SPPDCL test results," that he "had access to the test results through discovery," that he "could have challenged the foundational reliability of the test results at a jury trial," and that he "could have requested public funds to obtain expert review." Frazier contends that the problems at the SPPDCL could not have been ascertained through due diligence because no one knew that there were problems at the SPPDCL until 2012. Frazier's contention is foreclosed by this court's opinion in *Roberts*, in which we concluded that the appellant could have challenged the reliability of the SPPDCL's test results before 2012 because he had access to the test results under the rules of criminal procedure, which permit discovery. 856 N.W.2d at 291. We reasoned that merely because the appellant did not actually discover the problems at the SPPDCL does not mean that the appellant could not have discovered them with due diligence. *Id.* That reasoning necessarily applies to this case.

Frazier attempts to distinguish *Roberts* by pointing to the evidence in this case. Specifically, he relies on an affidavit executed by the criminal-defense attorney who first discovered and exposed the problems at the SPPDCL. The attorney states that she was able to ascertain evidence of problems at the SPPDCL because of her specialized scientific training and that an attorney without such training (such as Frazier's trial attorney) could

6

not be expected to identify the problems. The second requirement of the newly-discovered-evidence exception asks whether the new evidence "could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney." Minn. Stat. § 590.01, subd. 4(b)(2). We have applied this statute by asking whether an attorney exercising due diligence could have discovered the problem. *See Roberts*, 856 N.W.2d at 291. We have answered that question in the affirmative because one attorney did so through a process authorized by the rules of criminal procedure. *See id.* Accordingly, we follow both the reasoning and the result in *Roberts*. Thus, the postconviction court properly determined that Frazier cannot satisfy the second requirement of the newly-discovered-evidence exception.

The fifth requirement asks whether, "by a clear and convincing standard . . . the petitioner is innocent of the offense or offenses for which the petitioner was convicted." Minn. Stat. § 590.01, subd. 4(b)(2). The postconviction court, quoting *Roberts*, found that Frazier "has not shown by clear and convincing evidence that he was innocent because he did not 'offer evidence regarding the chemical composition of the particular substance in his case.'" *See Roberts*, 856 N.W.2d at 291. Frazier contends that newly-discovered evidence likely would lead to a more favorable result. But Frazier does not have evidence that the substances that were tested at the SPPDCL are *not* marijuana or methamphetamine. The district court record indicates that those substances likely are controlled substances. A narcotics agent testified that, based on his training and experience, the substances in Frazier's possession appeared to be controlled substances. The agent also testified that Frazier attempted to destroy some of the evidence when the agents approached him, which

7

tends to indicate that Frazier believed that he possessed controlled substances. Frazier has nothing more than speculation that the substances are not actually controlled substances. His speculation is insufficient to satisfy the clear-and-convincing standard. In *Roberts*, we stated that "'[a]ctual innocence is more than an uncertainty about guilt'" and that "'establishing actual innocence requires evidence that renders it more likely than not that no reasonable jury would convict.'" 856 N.W.2d at 292 (quoting *Riley*, 819 N.W.2d at 170). Given the absence of any evidence that the substances tested are not actually controlled substances, Frazier cannot prove by clear and convincing evidence that he is actually innocent of the offense of which he was convicted. Thus, the postconviction court properly determined that Frazier cannot satisfy the fifth requirement of the newly-discovered-evidence exception.

**B.      Interests-of-Justice Exception**

Under the interests-of-justice exception, a postconviction petition that is filed after the two-year statute of limitations may be considered if "the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5). This exception applies only in extraordinary circumstances. *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010); *Roberts*, 856 N.W.2d at 292.

The postconviction court concluded that "the interests of justice do not necessitate postconviction relief." Frazier contends that the exception is satisfied in part because he has meritorious claims. He refers to the substantive claims that he alleged in his postconviction petition and continues to pursue on appeal: newly discovered evidence, a *Brady* violation, a violation of procedural due process, and ineffective assistance of

8

counsel. But the merits of Frazier's postconviction petition have no bearing on the applicability of the interests-of-justice exception to the statute of limitations. The supreme court recently clarified that the interests-of-justice exception "relate[s] to the *reason* the petition was filed after the 2-year time limit in subdivision 4(a), not the *substantive claims* in the petition," and that "the interests-of-justice exception is triggered by an injustice that *caused* the petitioner to miss the primary deadline in subdivision 4(a), not the *substance* of the petition." *Sanchez*, 816 N.W.2d at 557 (emphasis in original) (cited in *Wayne v. State*, 866 N.W.2d 917, 920 (Minn. 2015), and *Brown v. State*, 863 N.W.2d 781, 788 (Minn. 2015)). Accordingly, we will not review the merits of Frazier's substantive postconviction claims for purposes of determining the applicability of the interests-of-justice exception to the statute of limitations.

Frazier also contends that the state should be held responsible for the problems at the SPPDCL and the lack of an earlier disclosure of those problems. In *Roberts*, we reasoned that the petitioner "had the opportunity to investigate the validity of the test results in his case, and he declined to do so," which meant that he was "at fault for his failure to discover the problems at the crime lab before he pleaded guilty." 856 N.W.2d at 293. We also reasoned that it was not "necessary to act in the interests of justice to protect the integrity of the judicial proceedings" because the problems at the SPPDCL did "not stem from a flaw in the judicial process." *Id.* Frazier's attempt to apply the interests-of-justice exception in this case fails for the same reasons.

Thus, the postconviction court properly determined that Frazier cannot satisfy an exception to the two-year statute of limitations.

Before concluding, we note Frazier's alternative argument that the postconviction court erred by not providing him with an evidentiary hearing to present evidence in support of his postconviction petition. A postconviction petitioner is not entitled to an evidentiary hearing if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 509.04, subd. 1 (2012). An evidentiary hearing is required only if "there are material facts in dispute that must be resolved to determine the postconviction claim on its merits." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). The postconviction court's analysis, and our analysis, does not depend on the resolution of disputed facts. Frazier's failure to satisfy the second requirement of the newly-discovered-evidence exception is a sufficient basis for concluding that the exception does not apply. Frazier cannot satisfy the interests-of-justice exception because of this court's precedential caselaw. Thus, an evidentiary hearing would not have been beneficial to Frazier.

In sum, the postconviction court did not err by denying Frazier's petition for postconviction relief without an evidentiary hearing because Frazier's petition is untimely and does not satisfy any exception to the statute of limitations. In light of that conclusion, we need not consider the state's alternative arguments that Frazier waived his challenge to the sufficiency of the evidence by agreeing to a stipulated-evidence court trial and that Frazier's substantive claims are without merit.

**Affirmed.**