Frank LIPTAK, Defendant-Petitioner,

v.

STATE of Minnesota, ex rel. CITY OF NEW HOPE and Jean Coone, Plaintiffs-Respondents.

No. CX–83–1879.

Court of Appeals of Minnesota.

Dec. 7, 1983.

Frank Liptak, pro se.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Earle T. Anderson, Jr., Golden Valley, for plaintiffs-respondents.

Considered and decided by POPOVICH, C.J., and FOLEY and LANSING, JJ., without oral argument.

## ORDER

POPOVICH, Chief Judge.

### Facts

Frank Liptak, defendant-petitioner, moves, pursuant to Rule 120, Minn.R.Civ. App.P.:

1) for accelerated review of an appeal from Hennepin County Judge William B. Christensen's order dated November 21, 1983, denying petitioner's motion for continuance of a trial scheduled for November 28, 1983;

2) for a writ of mandamus or, in the alternative, a writ of prohibition staying the November 28, 1983 scheduled trial;

3) for discretionary review of an appeal of this order denying continuance;

4) a stay of all proceedings.

On or about February 8, 1983, defendant-petitioner received, by regular mail, notice of alleged violation of the City of New Hope ordinance 3.2325 relating to failure to repair a broken window. At arraignment on March 16, 1983, defendant requested a formal complaint. On April 15, 1983, defendant received the complaint consisting of two counts: failure to repair a broken window (New Hope Code 3.2325) and improper exterior storage of lumber (New Hope Code 4.033(1)). Defendant pled not guilty. A pretrial conference was held on August 17, 1983, and trial was scheduled for November 28, 1983. On November 15, 1983, defendant scheduled a motion for November 21, 1983, and moved for dismissal on various grounds or continuance of three weeks because, allegedly, defendant was recently advised to appear as a plaintiff-pro se in an unrelated civil matter during the week beginning November 28, 1983. No other details of the nature of litigation, the court or jurisdiction involved, or whether it

was for a day certain were provided in the moving documents. Judge Christensen denied defendant's motions on the basis of lack of timeliness and, in response to a question for reasons for the denial, said:

No. The court can only say to you that it appears to be a valid charge in that you have failed to state sufficient reason to have the charge dismissed.

On November 23, defendant applied to this court for relief. We decline to intervene and deny all of defendant-petitioner's motions.

## ANALYSIS

■ 1. Defendant claims that a person acting pro se should not be held to the same standards as an attorney or expected to be familiar with judicial procedures. Defendant's moving papers and multiple motions show no lack of familiarity with judicial procedures. On the contrary, he appears to be well versed. While some latitude and consideration is provided by all courts to persons appearing pro se, we cannot permit bending of all rules and requirements or cause disruption of courts' trial schedules.

■ 2. Defendant admits he believes the lower court's order may not be considered a final appealable order. He is correct; it is not. (See Rule 103.03) He is premature in his appeal and other motions. The record below does show that defendant has preserved his claims: of lack of the city's compliance with its own ordinances; his claim of lack of due process; and administrative irregularities. All are reviewable should he be found guilty after full trial. Piecemeal appeals are not permitted under our rules.

■ 3. Defendant claims he will be unjustly and improperly subjected to an unwarranted trial. This is not grounds for a premature appeal or extraordinary relief. All defendants who are ultimately successful in their defense are of this opinion.

4. At the pretrial conference on August 17, trial was set for November 28. Defendant did not act until November 15, when he

filed his note of issue, notice of motion, motion to dismiss or for continuance, scheduling it for November 21. His accompanying affidavit is conclusionary and failed to supply sufficient factual background regarding his other pending pro-se litigation.

5. Extraordinary relief should only be granted in extraordinary circumstances. Defendant has not met the requirements for such writs. *State ex rel. Stenstrom v. Wilson,* 234 Minn. 570, 48 N.W.2d 513 (1951), is distinguishable on the facts. There the trial court set a motion for continuance on May 28 at 10:00 A.M. and the personal injury action for trial at 2:00 P.M. on the same day. One of the defendants was in the armed services and other witnesses were from out of state. The Supreme Court said it was a clear abuse of discretion to refuse to decide the motion prior to date of trial.

■ A writ of prohibition may issue when (1) the court is about to exercise judicial power; (2) the exercise of such power is unauthorized by law; and (3) the exercise of such power may result in an injury for which there is no other adequate remedy at law. *State v. Hartman,* 261 Minn. 314, 112 N.W.2d 340 (1961); *Bellows v. Ericson,* 233 Minn. 320, 46 N.W.2d 654 (1951); *Nemo v. Hotel and Restaurant Employees' Local No. 556,* 227 Minn. 263, 35 N.W.2d 337 (1948).

■ A writ may lie to prevent an abuse of discretion where there is no other adequate remedy at law. *State v. Wilson, supra.* The trial court properly exercised its discretion here.

■ Defendant has not met the tests required. He has an adequate remedy at law: an appeal if he is unsuccessful below. He may even win after trial and cross-examination of the city's employees.

■ 6. Neither accelerated review (Rule 118) nor discretionary review (Rule 105) under our rules, based on the facts presented here, is warranted. The trial court has not abused its discretion and the order sought to be reviewed is nonappealable. Accelerated review under Rule 118 is applicable to the Supreme Court and not the Court of Appeals.

■ 7. Granting a stay of proceedings would lie only if we issued a writ. Since we decline to do so, granting a stay would only interfere with the lower court's proceedings.

### DECISION

All of defendant-petitioner's motions are denied.