*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1873**

Bruce Jacobson,
Relator,

vs.

Wheaton-Dumont Coop Elevator,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed July 13, 2015
Affirmed
Peterson, Judge**

Department of Employment and Economic Development
File No. 32780845-4

Bruce L. Jacobson, Campbell, Minnesota (pro se relator)

Wheaton-Dumont Coop Elevator, Wheaton, Minnesota (respondent employer)

Lee B. Nelson, Munazza Humayun, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Johnson, Judge.

UNPUBLISHED OPINION

**PETERSON**, Judge

Pro se relator challenges an unemployment-law judge's decision that relator is ineligible to receive unemployment benefits because he was terminated from employment for misconduct. Relator's submissions on appeal include an explanation of late filing of his appellate brief and a statement that sets forth his reasons for challenging his initial determination of ineligibility. We affirm.

**FACTS**

Relator Bruce Jacobson was hired as a truck driver for respondent Wheaton-Dumont Coop Elevator (WDCE). During his initial 60-day probationary period, relator was dismissed from employment after having two accidents with his truck and failing to report truck maintenance issues. Respondent Minnesota Department of Employment and Economic Development (DEED) denied relator's request for unemployment benefits. Relator appealed, and an unemployment-law judge (ULJ) determined that relator was ineligible for unemployment benefits. The ULJ's findings establish the two driving incidents that caused relator's dismissal.

During the first incident, relator

> pulled up to a grain elevator behind another truck. He got out of the cab and proceeded to visit with other drivers for a few minutes. Another truck pulled in behind and to the side of [relator's] truck but [relator] did not notice it. A driver parked in front of [relator] stated that he needed more room and suggested [relator] back up his truck a bit. [Relator] entered his cab and proceeded to back up the truck without ensuring that the area was clear behind him. He hit the truck

behind, causing some damage to its front grill. [Relator] received a verbal warning as a result of the accident.

WDCE placed relator on a performance-improvement plan following the first accident and told him that he was not expected to "have any further incidents that will put yourself or others in danger."

During the second incident, relator

unloaded wheat in a railroad yard during heavy rain. Visibility was poor as he pulled his truck around the end of the railroad cars and proceeded to drive parallel with the train tracks while looking for a place to park his truck. [Relator] drove too close to the track and hit the back end of a rail car as he attempted to maneuver his truck toward the street.

The collision caused "pretty good size[d] chunks of aluminum" to be scraped off the side of relator's trailer and broke its mid-clearance lights and bent the coupler end and ladder of the railroad car.

The ULJ ruled that relator was discharged for employment misconduct because his "two accidents display[ed] a serious violation of the standards of behavior [WDCE] had the right to reasonably expect." Upon relator's request for reconsideration, the ULJ affirmed her earlier decision, noting that relator's arguments about why he was not responsible for the accidents were "not persuasive and do not alter the outcome of the decision." This pro se appeal by writ of certiorari followed.

This court accepted relator's untimely appellate brief, which consists of a half-page explanation for his delay in filing the brief. Attached to the appellate brief is relator's statement of the grounds for his appeal of the DEED determination of his ineligibility for unemployment benefits, which sets forth his argument that the accidents

3

did not constitute misconduct because they were not preventable and caused only minimal damage.

## D E C I S I O N

This court "may reverse or modify the [ULJ's] decision if the substantial rights of the petitioner may have been prejudiced because the findings, inferences, conclusion, or decision are" not supported by substantial evidence in the record or are affected by an error of law. Minn. Stat. § 268.105, subd. 7(d)(4)-(5) (2014).

An applicant who is discharged from employment because of employment misconduct is ineligible for unemployment benefits. Minn. Stat. § 268.095, subd. 4(1) (2014). "Employment misconduct" is defined as "any intentional, negligent, or indifferent conduct . . . that displays clearly: (1) a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee; or (2) a substantial lack of concern for the employment." *Id.*, subd. 6(a) (2014). Whether an employee committed misconduct is a mixed question of fact and law. *Schmidgall v. FilmTec Corp.*, 644 N.W.2d 801, 804 (Minn. 2002). Whether an employee committed a particular act is a question of fact. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006). We review findings of fact in the light most favorable to the ULJ's decision and defer to the ULJ's credibility determinations. *Id*. Whether a particular act demonstrates employment misconduct is a question of law, which this court reviews de novo. *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 315 (Minn. 2011).

Relator's brief cites no legal authority and does not challenge the ULJ's factual findings. Because the brief is inadequate, this court could decline to address the appeal

4

on the merits. *State, Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (declining to reach an issue on appeal "in the absence of adequate briefing"); *Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) (deeming waived an issue that was not argued in appellate briefs). But because the issue of whether relator's actions constituted employment misconduct is addressed in DEED's appellate brief to this court and is presumably the issue that relator intended to present to this court, we will address the issue. *See Liptak v. State ex rel. City of New Hope*, 340 N.W.2d 366, 367 (Minn. App. 1983) (permitting "some latitude and consideration . . . by all courts to persons appearing pro se").

Relator apparently argues that the factual findings do not support the ULJ's conclusion that he was dismissed for misconduct. Relator suggests that his two accidents with his truck could not be prevented and were so minor that they should not have been used as a basis for his dismissal. The undisputed facts show that in the first accident relator failed to look behind his truck before backing up and hit a truck that had parked behind his truck, causing minor damage to the other truck. WDCE's safety director testified that "[o]ur truck drivers are instructed that whenever they can't see where they're going to stop and get out and look before they back up." Relator received a warning that he needed to exercise greater care after this incident, but the second accident occurred less than a month later, and involved relator hitting a stationary railroad car with his truck, causing damage to the railroad car and to the truck. To the extent that relator argued that the accidents could not be prevented due to bad weather or other circumstances, the ULJ did not credit this testimony, noting that relator "acknowledge[d]

5

that he was 'not completely on guard'" by failing to look behind his truck before backing up in the first incident and by driving in heavy rain that made driving inadvisable during the second incident. WDCE had an interest in employing safe drivers, and relator's driving during the two incidents was negligent conduct that displayed clearly a serious violation of the standards of behavior that WDCE had the right to reasonably expect of relator. We, therefore, conclude that relator was discharged from employment because of employment misconduct, and the ULJ did not err in determining that relator is ineligible for unemployment benefits.

**Affirmed.**