*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0331**

Katherine A. Gruett,
Appellant,

Gary L. Gruett,
Appellant,

vs.

Victoria B. Labriola, et al.,
Respondents.

**Filed November 14, 2016
Affirmed
Reilly, Judge**

Dakota County District Court
File No. 19HA-CV-14-1118

Katherine A. Gruett, Burnsville, Minnesota (pro se appellant)

Gary L. Gruett, Burnsville, Minnesota (pro se appellant)

Kay Nord Hunt, Barry A. O'Neil, Lommen Abdo, P.A., Minneapolis, Minnesota (for respondents)

        Considered and decided by Reilly, Presiding Judge; Halbrooks, Judge; and Johnson,

Judge.

**REILLY**, Judge

Appellants Katherine A. Gruett and Gary L. Gruett challenge the district court's imposition of frivolous-litigant sanctions under Minnesota General Rule of Practice 9. Because the district court did not abuse its discretion by imposing frivolous-litigant sanctions and appellants' pro se arguments are without merit, we affirm.

## FACTS

This case arises out of a protracted family dispute involving commercial real estate. Appellants are the daughter and son-in-law of respondent Victoria B. Labriola and John Labriola Sr. Appellants and John Labriola Sr. each held a one-half interest in commercial property. Victoria Labriola inherited this interest following her husband's death. Victoria Labriola also held unpaid promissory notes from appellants. In 2006, Victoria Labriola and appellants entered into a loan agreement governing the repayment of the promissory notes.

### Case File No. 19HA-CV-08-957

In 2008, Victoria Labriola sued appellants to enforce her contractual rights under the 2006 Loan Agreement after appellants defaulted on payment. The parties reached an agreement to resolve the dispute, the terms of which were captured in a settlement agreement and mutual release executed in September 2008 (the 2008 Settlement Agreement). The 2008 Settlement Agreement contained a mutual release provision in which the parties agreed to "release and forever discharge each other from any and all actions, causes of action, claims and demands, whatsoever."

In April 2012, appellants filed a complaint against Victoria Labriola for breach of contract and tortious interference, using the same file number from the 2008 action. The district court determined that "the majority of the . . . allegations pre-date the parties' Agreement and Mutual Release dated September 26, 2008." Victoria Labriola moved to dismiss the complaint on the grounds that it "violate[d] a number of Minnesota Rules of Civil Procedure" and attempted "to re-litigate matters resolved by the parties in the 2008 Settlement Agreement." Appellants filed "counterclaims" in response. The district court dismissed appellants' complaint with prejudice "because these pleadings are not allowed by the Minnesota Rules of Civil Procedure and violate the parties' 2008 Settlement Agreement and Mutual Release," and dismissed appellants' counterclaims because they violated the 2008 Settlement Agreement and attempted to re-litigate previously resolved matters. The district court also ruled that, to the extent appellants raised new issues, "their claims are without merit." The district court made an explicit factual finding that Victoria Labriola and her codefendants "have complied with the terms of the 2008 Settlement Agreement." However, the district court declined to impose monetary sanctions, finding that appellants' conduct had not yet risen to the level required for rule 11 sanctions.

**Case File No. 19HA-CV-12-3716**

In July 2012, Victoria Labriola initiated foreclosure by advertisement proceedings and served appellants with notice of a mortgage foreclosure sale of appellants' one-half interest in the commercial property. Appellants sued respondents and their attorney, re-asserting claims of breach of contract, tortious interference with contract, and abuse of process. Appellants also sought injunctive relief to enjoin the mortgage foreclosure sale,

3

which the district court denied. The district court found that Victoria Labriola had a "contractual right to pursue this remedy [of foreclosure]," and had complied with the statutory requirements for foreclosure by advertisement. The commercial property was sold at sheriff's sale in August 2012 and the redemption period expired in February 2013. Appellants' one-half interest in the real estate terminated with the expiration of their redemption rights on that date.

In October 2012, a Dakota County District Court judge dismissed appellants' complaint with prejudice, determining that appellants' claims "make[] essentially the same claims against the Labriolas as their Complaint in the 2008 case," and to the extent the case raised new issues, "[appellants] have failed to offer any evidence in support of their allegations." The district court concluded that "[appellants] have failed to allege any legally cognizable claim of action against any of the [respondents], and as such, their Complaint must be dismissed in its entirety." The district court held that appellants' claims were barred by the doctrine of res judicata because the August 2012 order in case number 19HA-CV-08-957 "dismissed these same claims involving these same parties and constituted a final judgment on the merits." The district court reiterated that the Labriola defendants "have complied with the terms of the [2008] Settlement Agreement" and stated that "[t]he evidence shows that the Labriolas have . . . attempted in good faith to work with [appellants] to find a long-term solution for the [commercial] property." The district court also awarded attorney fees in favor of respondents, stating:

> [Appellants] have now filed two meritless lawsuits against the Labriolas, have needlessly contributed to the length of these proceedings, and have caused the Labriolas and their attorney

4

to incur considerable expenses and attorneys' fees. . . . [T]he Court finds it necessary to award the Labriolas and [their attorney] reasonable attorney's fees and costs to deter [appellants'] repetition of this conduct.

**Case File No. 19HA-CV-14-1118**

In October 2013, appellants filed pleadings in Hennepin County Conciliation Court asserting causes of action for breach of fiduciary duty, breach of contract, and diversion of funds. The conciliation court granted judgment in favor of respondents, finding that appellants failed to demonstrate that they were entitled to relief. Appellants appealed the conciliation court judgment to district court and sought de novo review. The district court transferred venue of the action from Hennepin County to Dakota County.

Respondents moved for dispositive relief. Shortly thereafter, appellants sought leave to file an amended complaint. The district court granted appellants' motion to amend the complaint, denied respondents' motion for dispositive relief, and set the case on for trial in April 2015. Appellants submitted an amended complaint asserting that respondents were liable for breach of contract, misappropriation, and conversion by depriving appellants of rents and profits from the commercial property. Appellants subsequently filed additional motions to amend the complaint and continue the trial date. The district court denied these motions "because they were not brought in a timely fashion and . . . would be unduly burdensome and significantly prejudicial" to respondents.

The matter proceeded to trial as scheduled. At the close of appellants' case, respondents moved for a directed verdict, which the district court granted. The district court found that appellants' claims "were limited to the time frame of February 2013 as

5

their interest in the rental property was extinguished by foreclosure about February 28, 2013." The district court found that appellants "presented absolutely no evidence that would allow a finder of fact to ascertain or determine damages," and "failed to establish or support any of the alleged causes of action and failed to provide any testimony whatsoever regarding the issue of damages." The district court concluded that appellants "failed to establish essential elements of [their] claims," ordered a directed verdict in respondents' favor, and subsequently dismissed appellants' claims with prejudice.

Respondents thereafter sought sanctions under Minnesota Rule of Civil Procedure 11 and Minnesota Statute § 549.211 as well as frivolous-litigant sanctions under Minnesota General Rule of Practice 9.01.[1] The district court denied respondents' motion for rule 11 and section 549.211 sanctions but granted rule 9 relief. The district court found that it was "abundantly clear" that appellants "prepared their case poorly," and that "[f]rom the outset of the trial it was abundantly clear . . . that [appellants] were engaging in attempts to delay the proceedings." The district court noted that "[i]n light of [appellants'] inadequate trial preparation and their desire to delay the trial . . . , it is illogical to not assume that they knew their case was weak." The district court found that appellants "had to know they were going to lose, but they persisted in an obvious effort to use the judicial system to harass [respondents]."

---

[1] Appellants also filed a motion seeking relief from judgment and for an order compelling binding arbitration. The district court denied appellants' motion, and appellants appealed. We dismissed this portion of the appeal as untimely and limited the scope of the appeal to the district court's order imposing frivolous-litigant sanctions.

The district court order summarized appellants' history of re-litigating issues that were previously litigated or settled, both in Dakota County District Court and in Hennepin County District Court. The order determined that the Dakota County court's attempts and efforts to deter appellants' conduct "have not been heeded." The district court found that appellants had a "well established pattern of filing and maintaining frivolous actions" as part of a bad-faith effort to "harass" respondents. The district court found that appellants' "frivolous actions" were "wasting valuable judicial resources," and that appellants would continue to engage in vexatious litigation "unless they are prevented and/or effectively deterred from doing so." The district court concluded that appellants were frivolous litigants under rule 9.06(b), granted respondents' motion to impose rule 9 preconditions as a sanction, and ordered that appellants "must provide $25,000 security (cash or bond) prior to instituting any future action against any of the [respondents], individually or as a group."

This appeal follows.

## D E C I S I O N

A district court may require a frivolous litigant to furnish security or fulfill preconditions before serving or filing new claims, motions, or requests. Minn. R. Gen. Pract. 9.01. A "frivolous litigant" is:

> (1) A person who, after a claim has been finally determined against the person, repeatedly relitigates or attempts to relitigate either
>
> > (i) the validity of the determination against the same party or parties as to whom the claim was finally determined, or

7

> (ii) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same party or parties as to whom the claim was finally determined; or
>
> (2) A person who in any action or proceeding repeatedly serves or files frivolous motions, pleadings, letters, or other documents, conducts unnecessary discovery, or engages in . . . tactics that are frivolous or intended to cause delay; or
>
> (3) A person who institutes and maintains a claim that is not well grounded in fact and not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law or that is interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigating the claim.

Minn. R. Gen. Pract. 9.06(b). We apply an abuse-of-discretion standard to a district court's determination that a party is a frivolous litigant. *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 295 (Minn. App. 2007).

The district court considers the factors outlined in rule 9.02(b):

> (1) the frequency and number of claims pursued by the frivolous litigant with an adverse result;
>
> (2) whether there is a reasonable probability that the frivolous litigant will prevail on the claim, motion, or request;
>
> (3) whether the claim, motion, or request was made for purposes of harassment, delay, or vexatiousness, or otherwise in bad faith;
>
> (4) injury incurred by other litigants prevailing against the frivolous litigant and to the efficient administration of justice as a result of the claim, motion, or request in question;
>
> (5) effectiveness of prior sanctions in deterring the frivolous litigant from pursuing frivolous claims;

(6) the likelihood that requiring security or imposing sanctions will ensure adequate safeguards and provide means to compensate the adverse party;

(7) whether less severe sanctions will sufficiently protect the rights of other litigants, the public, or the courts.

Minn. R. Gen. Pract. 9.02(b).

Here, the record demonstrates that the district court made factual findings with respect to each statutory factor in making its determination. *See* Minn. R. Gen. Pract. 9.02(c) ("If the court determines that a party is a frivolous litigant and that security or sanctions are appropriate, it shall state on the record its reasons supporting that determination.").

First, the district court characterized the frequency of litigation as an "unending stream of litigation" spanning "two counties and multiple files." The record amply supports this finding. The district court dismissed appellants' complaint and counterclaims with prejudice in the 19HA-CV-08-957 action. After appellants re-filed their complaint in 19HA-CV-12-3716 re-asserting the same claims, the district court again dismissed the complaint with prejudice and characterized both of appellants' lawsuits as "meritless." Appellants filed a third complaint in conciliation court, which again led to an adverse result. Ultimately, the district court granted a directed verdict against appellants because they "presented absolutely no evidence" to support their claims.

Second, the district court made several findings related to the reasonable probability that appellants would prevail on their claims. The district court found that appellants' case "had no chance of succeeding in that it was not supported by fact or by law." The district

9

court pointed to appellants' failure to prepare their case, subpoena witnesses, or introduce evidence corroborating their version of events.

Third, the district court identified several instances demonstrating that appellants pursued their claims in an effort to harass respondents. The district court found that appellants "had to know they were going to lose, but persisted in an obvious effort to use the judicial system to harass" respondents. The district court found that appellants were acting in "bad-faith" to cause respondents to accumulate legal fees and waste their time.

Fourth, the district court found that it was "abundantly clear" that appellants "were engaging in attempts to delay the proceedings" and waste judicial resources. Specifically, the district court noted that appellants sought, on several occasions, to amend their pleading and continue the trial date. The district court found that appellants "knew their case was weak" but engaged in "frivolous actions" that wasted "valuable judicial resources."

Fifth, the district court found that prior sanctions were ineffective in deterring appellants' conduct, reciting appellants' history of re-litigating issues that were previously litigated or settled. The order noted that appellants' first two lawsuits were "meritless," and it was therefore "necessary to award the Labriolas and [their attorney] reasonable attorney's fees and costs to deter . . . repetition of this conduct." When appellants filed a subsequent lawsuit in another district, the Hennepin County District Court found that the Dakota County District Court's "attempts and efforts to deter this conduct have not been heeded."

Sixth, the district court found that sanctions were necessary because appellants "will continue to bring such actions unless they are prevented and/or effectively deterred from

10

doing so." Appellants' history of continually asserting meritless claims supports this finding. Lastly, the district court found that the sanctions imposed were the least-severe sanctions the court could impose.

Based upon the district court's thorough analysis and the facts in the record, we conclude that the district court appropriately identified litigation conduct justifying sanctions under Minn. R. Gen. Pract. 9.02(b) and 9.06. Consequently, the district court did not abuse its discretion by determining that appellants are frivolous litigants and imposing preconditions on future filings.

**Appellants' other arguments**

Appellants argue that the district court abused its discretion by adopting respondents' proposed findings of fact, conclusions of law, and order "verbatim." We note that "[t]he verbatim adoption of a party's proposed findings and conclusions of law is not reversible error per se." *County of Dakota v. Blackwell*, 809 N.W.2d 226, 230 (Minn. App. 2011) (quotation omitted). But that is not the case here. Respondents' proposed order is markedly different from the district court's order, which contains a number of factual findings and legal conclusions demonstrating that the district court "independently evaluated each party's testimony and evidence" in its ruling. *Id.* (quotation omitted).

Appellants also argue that they are not frivolous litigants because they previously survived a motion for summary judgment. In 2014, the district court denied respondents' motion for dispositive relief on the ground that the district court was required to view the facts in the light most favorable to the nonmoving party, given the early stage of the case. *Rochester City Lines, Co. v. City of Rochester*, 868 N.W.2d 655, 661 (Minn. 2015) (noting

11

that, at the summary-judgment stage, the district court views the evidence in the light most favorable to the nonmoving party and resolves all doubts and factual inferences against the moving party). However, in its December 2015 order, the district court expounded at length regarding appellants' history of bad-faith litigation and the weakness of appellants' case. The district court found that the case "had no chance of succeeding" by the time it reached the trial stage and that appellants "had to know they were going to lose, but they persisted in an obvious effort to use the judicial system to harass" respondents. The district court did not abuse its discretion by imposing rule 9 sanctions in spite of appellants' earlier survival of a summary judgment motion.

Appellants claim that the court "close[d] the doors to the court house" to them "because they are self-represented litigants." The district court has "a duty to ensure fairness to a pro se litigant by allowing reasonable accommodations so long as there is no prejudice to the adverse party." *Kasson State Bank v. Haugen*, 410 N.W.2d 392, 395 (Minn. App. 1987). Although a court traditionally accords some latitude and consideration to a pro se litigant, *Liptak v. State ex rel. City of New Hope*, 340 N.W.2d 366, 367 (Minn. App. 1983), pro se parties "are generally held to the same standards as attorneys and must comply with court rules." *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001). Appellants assert that the district court failed to accommodate their pro se status. The record belies this claim. While appellants did not receive the outcome they preferred, our review reveals that the district court afforded appellants the opportunity to present their case and conducted a careful analysis of the record in issuing its ruling. The district court thoroughly addressed the issues presented and provided factual findings and legal

conclusions to support its decision.  We discern no error or abuse of discretion in the district court's findings and decision.

Appellants raise several other arguments relating to their arbitration motion, the district court's grant of a directed verdict, and the underlying merits of their claims against respondents.  Appellants' reply memorandum raises no new arguments and is essentially a list of their interpretation of various facts.  Because these issues are not properly before this court on appeal, they are not addressed.

**Affirmed.**