*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0890**

State of Minnesota,
Respondent,

vs.

Rebecca Lee Treptow,
Appellant.

**Filed March 23, 2026**
**Affirmed**
**Kirk, Judge**[*]

Anoka County District Court
File No. 02-CR-12-1107

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brad Johnson, Anoka County Attorney, Carl E. Erickson, Assistant County Attorney, Anoka, Minnesota (for respondent)

Rebecca Lee Treptow, St. Paul, Minnesota (pro se appellant)

Considered and decided by Larkin, Presiding Judge; Worke, Judge; and Kirk, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KIRK**, Judge

Appellant Rebecca Lee Treptow challenges the postconviction court's denial of her petition for postconviction relief. Because we conclude that Treptow's claims are time-barred or outside the scope of appeal, we affirm.

## FACTS

Following a jury trial in 2012, Treptow was convicted of second-degree assault under Minn. Stat. § 609.222, subd. 1 (2010); terroristic threats under Minn. Stat. § 609.713, subd. 1 (2010); and intentionally pointing a gun at another under Minn. Stat. § 609.66, subd. 1(a)(2) (2010). At trial, respondent State of Minnesota introduced evidence that Treptow was driving on the highway when she pointed a handgun at another driver. The driver called the police and provided them with Treptow's license-plate number and a description of Treptow's vehicle. Police officers stopped Treptow's vehicle. The other driver met officers at the side of the road and confirmed that Treptow was the individual who pointed a gun at her. Treptow admitted to police that she had a gun in her vehicle, and a loaded black handgun was found in the front passenger floorboard area of Treptow's vehicle. Treptow was placed under arrest and charged. She was subsequently convicted of all three offenses and the district court imposed sentence.

Treptow appealed her conviction. *State v. Treptow*, No. A12-2144, 2013 WL 5878153, at *1 (Minn. App. Nov. 4, 2013). Treptow challenged the district court's evidentiary rulings and argued that the evidence was insufficient to support her convictions for two of the offenses. *Id.* at *1-4. We affirmed Treptow's convictions. *Id.* at *5.

In 2016, Treptow filed correspondence with the district court alleging that one of the police officers involved in her case lied under oath and potentially engaged in witness tampering. In response, the district court sent a letter to Treptow stating, "The Court is unable to take any action on Ms. Treptow's submissions, as they are not properly before the Court and do not form the basis of a matter the Court could act upon."

In 2025, Treptow filed a petition for postconviction relief—the subject of this appeal—alleging violations of her constitutional rights, judicial misconduct, and insufficient evidence, among other claims. Treptow urged the postconviction court to vacate her convictions and grant a new trial. The state opposed the petition, arguing that the petition was untimely. The state further argued that the petition attempted to relitigate issues that should have been, or were, argued on direct appeal.

The postconviction court denied Treptow's petition without an evidentiary hearing, concluding that her petition was time-barred because it was filed more than two years after final disposition of her direct appeal and did not fall under any of the exceptions to the statutory deadline.

Treptow appeals.

**DECISION**

**I.      The postconviction court did not abuse its discretion by denying Treptow's petition because it is time-barred and no exception applies.**

Treptow challenges the postconviction court's denial of her postconviction petition. "We review a denial of a petition for postconviction relief for an abuse of discretion." *Gulbertson v. State*, 843 N.W.2d 240, 244 (Minn. 2014). "A postconviction court abuses

its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (quotation omitted). We review factual findings for clear error and legal conclusions de novo. *Martin v. State*, 825 N.W.2d 734, 740 (Minn. 2013).

A person convicted of a crime may seek postconviction relief by filing a petition alleging that the conviction "violated the person's rights under the Constitution or laws of the United States or of the state." Minn. Stat. § 590.01, subd. 1(1) (2024). "The person seeking postconviction relief bears the burden of establishing by a preponderance of the evidence that [the] claims merit relief." *Crow v. State*, 923 N.W.2d 2, 10 (Minn. 2019). The postconviction court may dismiss the petition "when the petitioner alleges facts that, if true, are legally insufficient to grant the requested relief." *Allwine v. State*, 994 N.W.2d 528, 535 (Minn. 2023) (quotation omitted); *see also* Minn. Stat. § 590.04, subd. 1 (2024). Otherwise, a hearing is required. *See* Minn. Stat. § 590.04, subd. 1.

When a petitioner has previously filed a direct appeal, as here, the petitioner must typically file for postconviction relief within two years of the appellate court's disposition of the direct appeal. Minn. Stat. § 590.01, subd. 4(a) (2024). We issued a decision on Treptow's direct appeal in 2013. *See Treptow*, 2013 WL 5878153, at *1. She did not seek further review from the Minnesota Supreme Court. Treptow filed her petition for postconviction relief over ten years later, in 2025. Treptow's petition is therefore untimely, unless an exception applies. There are multiple exceptions to the time bar including, as relevant here, a physical disability or mental disease that prevented a timely filing, or the existence of newly discovered evidence. Minn. Stat. § 590.01, subd. 4(b) (2024). The

4

party seeking relief bears the burden of establishing that an exception applies. *Brocks v. State*, 883 N.W.2d 602, 604 (Minn. 2016).

Here, the postconviction court determined that Treptow's petition was untimely and that no exception applied. On appeal, Treptow argues that the physical-disability and newly-discovered-evidence exceptions apply.[1] Each argument is addressed in turn.

### *Physical-Disability-or-Mental-Disease Exception*

An otherwise untimely postconviction petition may be considered if "the petitioner establishes that a physical disability or mental disease precluded a timely assertion of the claim." Minn. Stat. § 590.01, subd. 4(b)(1). A petition invoking an exception to the statutory time bar "must be filed within two years of the date the claim arises." *Id.*, subd. 4(c) (2024). A claim "arises" when the petitioner "knew or should have known of the claim." *Sanchez v. State*, 816 N.W.2d 550, 558-60 (Minn. 2012). This is an objective standard. *Id.* at 558.

Treptow asserts that physical disabilities and mental-health concerns prevented her from timely filing a postconviction petition. However, she acknowledges that she knew of her disabilities in 2012, at the time of her direct appeal. And, upon review, the record itself "lacks any evidence suggesting the mental disease precluded a timely assertion of [her] claim." *Brown v. State*, 863 N.W.2d 781, 787 (Minn. 2015). The record does not contain

---

[1] Treptow argues for the first time on appeal that the interests-of-justice exception also applies. Treptow did not present this argument to the postconviction court and we decline to reach arguments raised for the first time on appeal. *See Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005) (noting that "[i]t is well settled that a party may not raise issues for the first time on appeal from denial of postconviction relief" (quotation omitted)).

evidence—such as medical records or doctor's notes—attesting to her mental- or physical-health claims. Further, as to her claims of physical disability, the postconviction court noted that she has known of her disability since at least 2013. Under section 590.01, subdivision 4(c), Treptow was required to file a petition within two years, by 2015. She did not do so. Additionally, Treptow filed correspondence with the court in 2016 seeking relief on similar grounds. Treptow took this action despite having a mental or physical disability, which was known at that time. *See Brown*, 863 N.W.2d at 787 (noting that the defendant's "alleged mental illness" did not prevent him from filing previous requests for postconviction relief). Given Treptow's demonstrated ability to raise claims during the postconviction window, she cannot reasonably assert she was unable to raise the same claims until now.

Thus, even taking Treptow's assertions as true, she has not demonstrated that her health concerns prevented her from timely filing a petition for postconviction relief under subdivision 4(b)(1).

### Newly-Discovered-Evidence Exception

Under the newly-discovered-evidence exception to the statutory time bar, a petitioner must prove that the evidence

> (1) is newly discovered; (2) could not have been ascertained by the exercise of due diligence by the petitioner or the petitioner's attorney within the 2-year time-bar for filing a petition; (3) is not cumulative to evidence presented at trial; (4) is not for impeachment purposes; and (5) establishes by the clear and convincing standard that petitioner is innocent of the offenses for which [the petitioner] was convicted.

*Riley*, 819 N.W.2d at 168; *see also* Minn. Stat. § 590.01, subd. 4(b)(2). All five requirements must be satisfied to obtain relief. *Riley*, 819 N.W.2d at 168.

Treptow argues that the following evidence is newly discovered evidence: (1) the prosecutor presented false testimony to the district court; (2) a police officer lied and fabricated evidence related to the timing of the eyewitness's identification of Treptow during her arrest; and (3) the eyewitness lied about the timing of the identification.

Treptow cannot establish the first, fourth, or fifth elements articulated in *Riley*.

As to the first element, the evidence related to the eyewitness's identification is not newly discovered. Treptow was present when officers stopped her vehicle and she has first-hand knowledge of when the identification occurred. And "evidence cannot be unknown when the petitioner was admittedly present at the time of the events the witness purports to describe for the purposes of the newly discovered evidence exception in subdivision 4(b)(2)." *Caldwell v. State*, 976 N.W.2d 131, 139 (Minn. 2022); *see also Riley*, 819 N.W.2d at 169 ("When a defendant has knowledge of the [evidence] at the time of trial, the [evidence] fails the legal test for newly discovered evidence."). Further, Treptow raised these concerns in her 2016 correspondence to the court, approximately nine years before she filed her postconviction petition. Thus, this does not constitute newly discovered evidence.

Treptow also cannot satisfy the fourth element, which requires the petitioner to show that the newly discovered evidence "is not for impeachment purposes." *Riley*, 819 N.W.2d at 168. Treptow claims the police officer and the eyewitness lied about the identification. But the evidence she seeks to present—that she was under arrest before the eyewitness

7

arrived on scene—would do nothing more than impeach the prior testimony. As such, her claims fail to satisfy the statutory requirement that the newly discovered evidence was "not for impeachment purposes." Minn. Stat. § 590.01, subd. 4(b)(2).

As to the fifth element, Treptow's evidence does not establish that she "is innocent of the offenses for which [s]he was convicted." *Riley*, 819 N.W.2d at 168. The eyewitness reported to the police that Treptow pointed a handgun at her and provided the police with Treptow's license-plate number and vehicle description. *Treptow*, 2013 WL 5878153, at *1. When police stopped Treptow's vehicle, she "admitted to police that there was a gun in her vehicle on the passenger side." *Id.* Officers found a loaded handgun "on the front passenger's floorboard area between the purse and center console bump area that separates the front seats." *Id.* The timing of the eyewitness's identification does not undermine the jury's determination of guilt or show by clear and convincing evidence that she is innocent.

Because Treptow failed to satisfy the first, fourth, and fifth requirements as articulated by *Riley*, the newly-discovered-evidence exception does not apply. *Riley*, 819 N.W.2d at 168 (stating that all five requirements must be satisfied). As such, the postconviction court did not abuse its discretion by determining that Treptow's petition did not qualify for this exception. *See* Minn. Stat. § 590.01, subd. 4(b)(2).

In sum, because "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief," Minn. Stat. § 590.04, subd. 1,

8

the postconviction court did not abuse its discretion by concluding that Treptow's petition was time-barred and that no exception applied.[2]

## II. Treptow's additional arguments are not reviewable.

Treptow raises additional arguments on appeal, including that: her constitutional rights were violated in a probation-violation matter; a harassment restraining order was improperly issued against her in another matter; and she did not receive adequate care in the county jail. We conclude that Treptow's claims are time-barred, as discussed above, and that her remaining arguments are not reviewable because they are beyond the scope of a postconviction proceeding.

We are sensitive to Treptow's status as a self-represented litigant. And we are aware that Minnesota courts generally grant "some latitude and consideration" to self-represented litigants. *Liptak v. State ex rel. City of New Hope*, 340 N.W.2d 366, 367 (Minn. App. 1983). Nevertheless, "we cannot permit bending of all rules and requirements." *Id.* A postconviction petition relates to claims that "the conviction obtained or the sentence or other disposition made violated [a petitioner's] rights under the Constitution or laws of the

---

[2] Based on this determination, we conclude that Treptow's claims that she received ineffective assistance of counsel and that her conviction was based on fraudulent evidence is likewise time-barred. And, while the postconviction court did not reach this issue, we further determine that Treptow's claims are procedurally barred under *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976). *See Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007) (holding that if a postconviction claim was raised, known, or should have been known at the time of a direct appeal, that claim is procedurally barred and "will not be considered in a subsequent petition for postconviction relief"). Treptow challenged the eyewitness's identification in her direct appeal. *See Treptow*, 2013 WL 5878153, at *4 (considering Treptow's challenge to the identification and concluding that "any error in admission of the show-up evidence was harmless beyond a reasonable doubt"). Because this argument was raised during her direct appeal, it is procedurally barred, as well as time barred.

United States or of the state." Minn. Stat. § 590.01, subd. 1(1). Treptow's arguments related to the probation-violation matter, the harassment restraining order, and the jail conditions are not challenges to her conviction or sentence and are therefore outside the scope of review.

**Affirmed.**